**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MEDINA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 20-5734** |
| | : | |
| **ALLENTOWN POLICE DEPARTMENT** | : | |
| | : | |

# MEMORANDUM

**KEARNEY, J.** **January 19, 2021**

A man sitting in Lehigh County Jail awaiting his criminal trial delayed by the COVID-19 pandemic's effects on trial courts now sues the trial judge, District Attorney,his defense counsel, and an Allentown police officer seeking his pretrial release from jail and damages based on excessive bail, delay in Speedy Trial rights, ineffective assistance of his counsel, and an unknown claim against the police officer. He is proceeding without paying fees. Congress requires we screen his complaint for merit before proceeding with costs of Marshal service and involving parties who should not be subject of the plead claims. We construe his *pro se* claim for release as petitioning for a writ of habeas corpus which he has not exhausted in state court. He does not plead claims for civil rights liability or for an intentional infliction of emotional distress. We again dismiss his amended Complaint but grant him one last chance to file a second amended Complaint if he can plead ripe claims against a person who is not immune under the law.

## I. Background

Allentown Police arrested William Medina in March 2019 for possessing brass knuckles. The Commonwealth presently detains him in Lehigh County Jail. After a variety of failed attempts to obtain release through the state courts, William Medina initially sued the Allentown Police Department in this Court seeking to proceed without paying the filing fees.[1] We granted Mr.

Medina leave to proceed *in forma pauperis* with the caveat we would screen the merits of his allegations under 28 U.S.C. § 1915(e)(2)(B).[2] We liberally interpreted his *pro se* Complaint as alleging three theories of civil rights liability against the Allentown Police Department: (1) police officers inflicted excessive force upon him and his nephew in violation of the Eighth Amendment; (2) police officers illegally searched a hotel room in violation of the Fourth Amendment; and (3) police officers coerced Mr. Medina's nephew into confessing to robberies and implicating his uncle in violation of the Fifth Amendment.[3] As a threshold matter, we explained Mr. Medina could not proceed on a civil rights claim against the Allentown Police Department because it is not a person subject to civil rights liability.[4] We further held, even if Mr. Medina had sued a "person," his claims would nevertheless fail on the merits.[5] We dismissed Mr. Medina's Complaint without prejudice to him timely filing an amended Complaint naming a person and stating a cognizable claim.[6]

Mr. Medina then timely filed the amended Complaint now before us against the Honorable Douglas G. Reichley, District Attorney David J. Mussel, Defense Attorney Sean Poll, and Allentown Police Officer Eric Stauffer.[7] He now alleges the police arrested him "for [possessing] brass knuckles [without] probable cause" on March 12, 2019 "based on a video confession made by [a] co-d[efendant] and "upon a legal search and seizure of a hotel room" reserved under another person's name.[8] He does not specify who searched the hotel room, who interrogated his nephew, or who arrested him. After his arrest, he alleges Officer Eric Stauffer "made up" an affidavit, exhibiting "reckless regard to the truth."[9] Mr. Medina offers no additional details regarding the content of Officer Stauffer's affidavit or, more generally, Officer Stauffer's role in the investigation or his arrest.

Mr. Medina then alleges Defense Attorney Poll, District Attorney Mussel, and Judge Reichley violated his constitutional rights. He alleges his defense attorney, Sean Poll, did not move to suppress evidence.[10] Mr. Medina filed various *pro se* motions in the state court, including motions to withdraw counsel, dismiss under Pennsylvania Rule of Criminal Procedure 600, suppress evidence, and reduce excessive bail.[11] Judge Reichley denied these motions. Mr. Medina alleges Judge Reichley violated his rights when he "failed to dismiss or reduce excessive bail of $250,000."[12] He further alleges "District Attorney Mussel failed to dismiss case after 365 ha[d] passed since the date of Filing of a criminal complaint" and "failed to exercise due diligence in bringing [his] case to trial."[13]

In his prayer for relief, Mr. Medina requests we "dismiss the information without prejudice in the Courts of the Commonwealth of PA" and award "monetary relief for every day [he has been] incarcerated."[14]

## II. Analysis

We liberally construe Mr. Medina's Complaint as petitioning for *habeas corpus*,[15] and seeking damages for civil rights liability and intentional infliction of emotional distress claim. We liberally construe his civil rights claims as: (1) an Eighth Amendment claim against Judge Reichley for failing to reduce excessive bail; (2) a Fifth and Sixth Amendment claim against District Attorney Mussel for failing to diligently bring him to trial; (3) a Sixth Amendment ineffective assistance of Defense Attorney Poll; and (4) an indiscernable claim against Officer Stauffer. We must dismiss each claim.

### A. We deny Mr. Medina's petition for a writ of *habeas corpus*.

We deny Mr. Medina's *habeas corpus* petition because he has not exhausted state court remedies. He argues we must release him because the Commonwealth will not try his case due to the closure of criminal courts in Lehigh County in response to the COVID-19 pandemic.

In *Moore v. DeYoung*, our Court of Appeals analyzed when a state prisoner may bring a pre-trial habeas petition alleging a violation of his right to a speedy trial.[16] Our Court of Appeals delinieated three overarching principles: "(1) federal courts have 'pre-trial' habeas corpus jurisdiction; (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . . ; and (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.'"[17] Keeping these principles in mind, our Court of Appeals assessed whether the defendant demonstrated "extraordinary circumstances" and whether he exhausted state remedies. Our Court of Appeals held, "[w]e perceive nothing in the nature of the speedy trial right to qualify it as a *per se* 'extraordinary circumstance.'"[18] While it declined to determine the precise boundaries of extraordinary circumstances, it explained extraordinary circumstances generally reveal some "quality of delay, harassment, bad faith[,] or other intentional activity."[19]

Having determined the defendant did not present extraordinary circumstances, the court assessed whether petitioner exhausted his state remedies. The court cited *Picard v. O'Connor*, a Supreme Court case discussing the exhaustion requirement. In *Picard*, the Supreme Court "emphasize[d] that the federal claim must be fairly presented to the state courts" and required "a

state [court] prisoner to present the state courts with the same claim he urges upon the federal courts."[20]

Our Court of Appeals also cited the Supreme Court's opinion in *Braden v. 30th Judicial Circuit of Kentucky*, in which the Supreme Court held a defendant awaiting trial in state court properly raised his speedy trial in a federal habeas petition.[21] The defendant in *Braden* made repeated demands for trial to the Kentucky state courts, "offering those courts the opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial."[22] The Supreme Court further noted, "petitioner made no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes."[23] Rather, "[h]e comes to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum."[24]

Our Court of Appeals in *Moore* noted "two critical distinctions" between the defendant in *Braden* and the defendant in *Moore.*[25] First, the New Jersey appellate courts had not had the opportunity to review the defendant's speedy trial claim, and thus the defendant had not exhausted his remedies.[26] Second, unlike the defendant in *Braden*, who sought to compel the Kentucky courts to try him, the defendant in *Moore* sought "to abort a trial in the state court[]."[27] Acknowledging the Supreme Court's warning *Braden* "should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of state criminal processes," our Court of Appeals held the present case "is precisely the situation anticipated by the Supreme Court's caveat that federal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for habeas, to result in the 'derailment of a pending state proceeding.'"[28]

Mr. Medina does not demonstrate "extraordinary circumstances" excusing exhaustion, and he has not plead exhaustion of remedies. As our Court of Appeals instructed in *Moore*, a violation

of a defendant's speedy trial right standing alone does not constitute "extraordinary circumstances" sufficient to excuse exhaustion. To plead extraordinary circumstances, he would need to plead some "quality of delay, harassment, bad faith, or other intentional activity."[29] Mr. Medina has not been brought to trial because of the public health crisis brought on by the COVID-19 pandemic, not any intentional or bad faith activity on the part of the Commonweath.

The state courts afford him the right to appeal and seek relief in the Pennsylvania Superior Court or Pennsylvania Supreme Court if he believes the court closures violate his right to speedy trial. Having determined Mr. Medina does not plead extraordinary circumstances, we assess whether he exhausted his remedies. Mr. Medina moved under Pennsylvania Rule of Criminal Procedure 600 to have his case dismissed and filed a petition for *habeas corpus* in the state court, both of which Judge Reichley denied. But he does not plead he raised a Sixth Amendment claim in the state courts. As the Supreme Court counseled in *Picard*, a petitioner must "present the state courts with the same claim he urges upon the federal court."[30]

Even assuming his Rule 600 petition sufficiently raised the Sixth Amendment issue to the state court, Mr. Medina has not exhausted his remedies. Mr. Medina attached the docket activity and relevant orders from Judge Reichley to his amended Complaint. Neither Mr. Medina's allegations nor the exhibits suggest Mr. Medina sought to appeal Judge Reichley's orders. Unlike the defendant in *Braden*, Mr. Medina does not ask us to compel the state court to bring him to trial. Rather, like the defendant in *Moore*, he seeks to "abort [the] trial in . . . state court."[31] As our Court of Appeals instructed in *Moore*, this is "precisely the situation anticipated by the Supreme Court's caveat that federal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for habeas, to result in the 'derailment of a pending state proceeding.'"[32] We deny Mr. Medina's petition for pre-trial habeas relief.

**B. Judge Reichley is entitled to judicial immunity on Mr. Medina's Eighth Amendment claims.**

We dismiss Mr. Medina's Eighth Amendment claim against Judge Reichley under the doctrine of judicial immunity with prejudice. "It is a well-settled principle of law that judges are generally 'immune from suit for money damages.'"[33] Our Court of Appeals recognizes two exceptions to this rule. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[34] In denying Mr. Medina's motion to reduce his bail, Judge Reichley acted in his judicial capacity, and Mr. Medina has not alleged facts suggesting Judge Reichley did not have jurisdiction.[35]

**C. District Attorney Mussel is entitled to prosecutorial immunity.**

Prosecutorial immunity bars the claims against District Attorney Mussell. Mr. Medina alleges District Attorney Mussell violated his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600 and his due process rights by failing to exercise due diligence in bringing the case to trial.

In *Ward v. Walsh*, a *pro se* plaintiff brought a claim *in forma pauperis* against a prosecutor, alleging excessive bail, malicious prosecution, and a violation of the plaintiff's speedy trial rights.[36] Screening the Complaint under 28 U.S.C. § 1915, Judge Cecchi dismissed the speedy trial claims, reasoning "[t]o the extent Plaintiff seeks release for this alleged violation, he cannot do so in a civil rights matter," and "[t]o the extent Plaintiff seeks damages for the alleged speedy trial violation, [the prosecutor] is immune from such claims."[37] Similarly in *Brennan v. Pennsylvania*, Judge Eddy held "to the extent Plaintiff is claiming his Sixth Amendment rights were violated by [the Assistant District Attorney for Westmoreland County], such claims are barred under the doctrine of absolute prosecutorial immunity, and . . . in any event, Plaintiff's

claims that his speedy trial rights under Pennsylvania's Rule of Criminal Procedure 600 were violated do not state a claim pursuant to 42 U.S.C. § 1983."[38]

Consistent with *Ward* and *Brennan*, the District Attorney is prosecutorially immune from his speedy trial claims, and we further find he does not have a civil rights claim for violation of Pennsylvania Rule of Criminal Procedure 600.

**D. Mr. Medina cannot assert a civil rights claim against Defense Attorney Poll.**

Mr. Medina alleges Defense Attorney Poll violated his Sixth Amendment right to effective assistance of counsel in failing to file a suppression motion. "[I]neffective assistance of appointed counsel in representing a defendant is not actionable under § 1983."[39] We dismiss his claim against Defense Attorney Poll.

**E. Mr. Medina does not state a claim against Officer Stauffer.**

Mr. Medina alleges "[Officer] Eric Stauffer makes reckless regard to the truth on his affidavit made up on 3.14.19 after arrest on 3.12.14."[40] Without more context, we cannot discern a legally cognizable claim from this allegation. Although we construe Mr. Medina's allegations liberally, he "is not absolved from complying with . . . the federal pleading requirements merely because s/he proceeds *pro se*."[41] Mr. Medina's allegation does not give Officer Stauffer "fair notice of what the . . . claim is and the grounds on which it rests," as required by Federal Rule of Civil Procedure 8 and *Twombly*.[42]

**F. Mr. Medina does not state a claim for intentional infliction of emotional distress.**

Mr. Medina's prayer for relief includes a reference to "reckless intentional infliction of severe emotional distress."[43] Under Pennsylvania law, "[t]he elements of intentional infliction of emotional distress are: (1) a person who by exreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another."[44] Mr. Medina's allegations his lawyer

failed to file a suppression motion, the District Attorney failed to exercise due diligence in bringing his case to trial, and Judge Reichley failed to reduce his bail do not constitute "extreme and outrageous conduct."

Mr. Medina fails to plead an intentional infliction of emotional distress claim.

## III. Conclusion

Mr. Medina fails to state a claim allowing his release before trial or for damages under the civil rights laws or Pennsylvania common law. We must dismiss his amended Complaint with leave to timely file a second amended Complaint if he can do so consistent with this Memorandum.

---

[1] ECF Doc. No. 1.

[2] ECF Doc. No. 6.

[3] ECF Doc. No. 7.

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.* at 1.

[7] ECF Doc. No. 8.

[8] *Id.* at 4.

[9] *Id.* at 1.

[10] *Id.* at 4.

[11] *Id.* at 4, 6, 43, 45.

[12] *Id.* at 4.

[13] *Id.*

[14] *Id.*

---

[15] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedy release, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[16] *See Moore v. DeYoung*, 515 F.2d 437 (3d Cir. 1975).

[17] *Id.* at 443 (citations omitted).

[18] *Id.* at 446.

[19] *Id.* at 446 n.12.

[20] *Picard v. O'Connor*, 404 U.S. 270, 275–76 (1971).

[21] *Braden v. 30th Judicial Circuit Court of Ky.*, 10 U.S. 484, 500–01 (1973).

[22] *Id.* at 490.

[23] *Id.* at 491.

[24] *Id.*

[25] *Moore*, 515 F.2d at 444.

[26] *Id.*

[27] *Id.* at 445.

[28] *Id.* at 445–46.

[29] *Id.* at 447 n.12.

[30] *Picard*, 404 U.S. at 512.

[31] *Id.* at 445.

[32] *Id.*

[33] *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)).

[34] *Id.* (quoting *Mireles*, 502 U.S. at 11–12).

[35] *See McKnight v. Taylor,* No. 12-1684, 2012 WL 5880331, at *7 n.3 (D.N.J. Nov. 20, 2012) ("[J]udges are absolutely immune from damages under § 1983 for setting bail . . . .").

[36] *Ward v. Walsh*, No. 17-10982, 2017 WL 6514411 (D.N.J. Dec. 19, 2017).

[37] *Id.* at *2.

[38] *Brennan v. Pennsylvania,* No. 11-146, 2012 WL 399812, at *1 (W.D. Pa. Jan. 5, 2012) *adopted by* No. 11-146, 2012 WL 399808 (W.D. Pa. Feb. 7, 2012).

[39] *Introcaso v. Meehan*, 338 Fed. App'x 139, 142 (3d Cir. 2009); *see also Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981).

[40] ECF Doc. No. 8 at 4.

[41] *Thakar v. Tan*, 372 Fed. App'x 325, 328 (3d Cir. 2010).

[42] *Bell Atl.* v. *Twombly*, 550 U.S. 544, 545 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[43] ECF Doc. No. 8 at 4.

[44] *Manley v. Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010).