IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM MEDINA

CIVIL ACTION

v.

ALLENTOWN POLICE Dept, Officials NO. 20-5734
Det. ERIC Stauffer AND SAL APRIL, "Individuals & Capacity."

I. AMENDED COMPLAINT Parties & Jurisdiction

A.) And Now, on this 31st day of January 2021, Plaintiff's Complaint against the Allentown Police Dept used excessive Force Namely Eric Stauffer and Sal April Exceeded the Scope of Consent to Search a hotel by First having Mr. Medina under Investigative detention without reasonable suspicion or Probable cause to Search his person and thus finding Brass knuckles on his person.

B.) Furthermore these above Namely Police Officer's Exceed the Scope of Consent to Search a hotel by Placing allege Witnesses 1 and 2. 1. Koby Rivera 2. Toni Gruyer and 7yr old Child in the Same police car to get Consent to search hotel room illegally by Consent of third part Toni Gruver who isn't on lease or agreement. No Probable Cause Keith Alexander, Decided on Dec 22, 2020 Case Cited Overnight guest or person has a reasonable expectation of privacy in a motel room. While under Investigative Detention William Medina, was threatend by Police Officer's Eric Stauffer and Sal April in a very Cold Enviroment on March 12, 2019 Outside in handcuffs Police threaten Mr. Medina to Stay outside in the cold until they get a Search Warrant, they also threaten

to Keep Mr. Medina's Family outside in the cold Toni Gruver, Jalysa Rivera, and 7yr-old Boy Cousins Papito Rivera, Mr. Medina under percocet and handcuffed under the influence and threats by Force from Police Tell police he would sign consent to search a hotel Mr. Medina then Scribble lines on consent Form thus aggravating Police to put his initials on consent Form and Force him into the back of Police car kicking him and abusing him until inside Police car. This consent form was for a room at Super 8 motel room 233 in Allentown Pa. In Discovery the room is said to be signed in by Carlos perez and under the Name Samuel Rosado, The Allentown Police made a warrantless search conducted illegally upon hotel room 233 at Super 8 Motel in Allentown, Pa without voluntarily consent of a person or people who's Name wasn't on lease or agreement of hotel, Thus Making a warrantless search without Probable cause violating a clause in the Fourth Amendment to the U.S. Constitution which protects the rights of citizens against unreasonable searches and seizures of persons, or people having authority over the place or things to be searched. Warrantless searches are invalid unless they fall within narrowly drawn exceptions: State v. Mahone, 701 p. 2d 171 (1985) Mapp v. Ohio, Wong Sun v. united states, Mr. Medina, Moves to show Courts how Namely Eric stauffer Disregards to the truth on affidavit

#19012017 on this Police criminal Complaint Dated, 3/14/19. There is multiple conflicting statements Made by Detective Eric Stauffer that contradicts statements by Arresting OFFicer Sal Aprils Complaint # AI-19-00076 Dated on the Arresting date of 3/12/19.

C.) During the Arrest on 3/12/19, Eric StauFFer used Excessive Force upon Koby Rivera by Means of tackling MR. Rivera on the Concrete giving Mr. Rivera concrete burns on his face, Exhibit of proof can be seen on Koby Rivera's I.D. Card from Lehigh County Prison, Police also used this Excessive Force of placing his Knee on Koby Rivera's neck up until his "Girl Friend" Jalysa Rivera, Jumps on this OFFicer's back that's using excessive Force. Exhibit of Discovery

D.) Moreover on 3/14/2019, This saMe OFFicer Eric StauFFer then Proceeds to question Nephew Koby Rivera after the arrest that threatens his life by Means of Excessive Force two days later without a Lawyer or parents presence to then Coerce Mr. Rivera into giving Mr. StauFFer a Confession by the use of promises, Deception and threats of doing decade of time due to Koby Rivera tossing a AR-15 Rifle during pursuit in arrest. Koby Rivera then gives a Confession in exchange For Police to dropped Charges of Rifle AR-15 said be thrown From his person during arrest.



E.) Furthermore, Police OFFicer's Single out Mr. Medina with disregard to the truth From OFFicer Eric Stauffer and SAL April's AFFidavit of Probable Cause; SAL April's report states "Mr. Medina was arrested in the Area of a stolen vehicle and OFFicer Eric Stauffer states "Mr. Medina Fled From the stolen vehicle, How can I Flee without anyone Claiming they Chased Me, For this False report was also given 2 days after arrest, By Eric Stauffer.

F.) OFFicer Eric Stauffer and Sal April had no reasonable suspicion or Probable Cause to arrest Mr. Medina. These officer's single out Mr. Medina as a hispanic Man entering a Car of his ex-girlfriend's Melanie Honda SUV differing from stolen car Honda Accord Koby Rivera was in as Mr. Medina was awaiting Koby Rivera to bring percocet 15 Mgs. to Honda SUV CR-V Same Color as the stolen Car Koby Rivera was within, OFFicer Sal April arrested Mr. Medina without Reasonable suspicion or Probable Cause, while entering Grey Honda CRV-SUV OF Ex-girlfriend melanie parked in rear OF Auto Zone.

In regards to the Excessive Force to obtain Confession From Koby Rivera, United States v. Liciardello, 93 F. Supp. 3d 365 Challenges to Indictments, perjured testimony. Government did know testimony was perjured.

G.) Due to all these reasons of Intentional Infliction of Emotional Distress of being denied bail, Rule 600, and being denied exculpatory evidence of Discovery by Protective order by District Attorney David J. Mussel, and Judge Douglas G. Reichley granting protective order, Thus denying me a Fair Trial "Oppresive Pre-trial incarseration" anxiety and concern of the accused", Doggett, 505 U.S. at 654

H.) Pititioner has exhausted, Resubmitting For Bail, Rule 600, and a lift on Protective Order upon Discovery and has been denied all of the above, Due to being denied access to the Courts as well by not receiving adequate law library due to poor wifi on only means to access of Courts Tablets, not sufficient For research to properly defend himself. Last Court appointed lawyer lied on record under Oath when questioned by Judge Reichley about letters sent by Mr. Medina Sean Poll stated "It's First time I hear about him submitting For Illegal Search and Seizure, Judge Reichley then Moves to have Sean Poll as Standing Counsel, After having to resubmit Motion due to Mental health issues.

Mr. Medina thus also had Moved to file For habeas Corpus to Supreme court, However due to being denied by state court, All the time allotted was barred due to not being able to access Courts in violation of 8th Amend.

Part 2 OF Claim.

1.) LEXIS NEXIS was and is accessible only through tablets at the Lehigh County Prison with poor wifi Conection, which severly limited in it's accessiblility.

2.) That No other form of Law library exist in LCP

3.) That plaintiff has been moved to other units due to testing positive to 2-D then after 2 Wks Moved back to 2-C unit On November 22nd, 2020.

4.) That on that date, and prior to it, LCP had a practice of punishing any inmate who requested a Covid test, by putting them in the hole or Isolation, that deprived them of the rights and privileges other inmates were offorded.

5.) That on November 24th 2020, Plaintiffs unit, 2-C, was quarantined.

6.) That plaintiff immediately sought a covid test,

7.) That Plaintiff received covid test on or about 11/25/2[illegible] and was subsequently quarantined which amounted to loss of recreation time & a 30 min allotment for Shower & Ph[illegible]

Part 2 of Claim.

1.) LEXIS NEXIS was and is accessible only through tablets at the Lehigh County Prison with poor wifi conection, which severly limited in it's accessibility.

2.) That no other form of Law library exist in LCP

3.) That plaintiff has been moved to other units due to testing positive to 2-D then after 2 wks Moved back to 2-C unit on November 22nd, 2020.

4.) That on that date, and prior to it, LCP had a practice of punishing any inmate who requested a Covid test, by putting them in the hole or Isolation, that deprived them of the rights and privileges other inmates were offorded.

5.) That on November 24th 2020, Plaintiffs unit, 2-C, was quarantined.

6.) That plaintiff immediately sought a covid test.

7.) That Plaintiff receved covid test on or about 11/25/2020 and was subsequently quarantined which amounted to loss of recreation time & a 30 min allotment for Shower & Phone.

8.) That on 11/27/2020, Plaintiff's test resurt were positive

9.) That plaintiff was quartined for 21 More days.

10.) Throughout quartine plaintiff was denied law library.

Prayer for Relief:

Pititioner has demonstrated extraordinary circumstances, By Commonwealths delay to trial, denial OF DISCOVERY, Bail, Harrasment by DA sending present lawyer to offer 10 yrs and intentionally Continued Suppression/ habeaus corpus, And denial of access to the Courts of all above.

1) wherefore we pray for the following INJUCTIVE RELIEF: From Individuals & their compacity.

A) Dismissal OF Charges.

B) An injurction to allot All Inmates law library Tablets.

C) Punitive Damages Allotted amount for everyday incarserated $1,000 daily From each id individual & capacity.

D). 60,000 USD against Amanda Benner Primcare Medical & Warden Kyle Russell For failing to Propesly Prevent Covid 19

# Certificate Of Service

I, WILLIAM OMAR MEDINA, Certify that I served a True and accurate Copy OF Amended Complaint to the clerk OF the Eastern District OF PENNSYLVANIA OFFicial OF Clerk, United States District Court Philadelphia, PA 19106-9865

Dated Febuary, 3rd 2021

Respectfully submitted,
William Medina

# COURT OF COMMON PLEAS OF LEHIGH COUNTY

DOCKET

Docket Number: CP-39-CR-0002239-2019

**CRIMINAL DOCKET**

**Court Case**

Commonwealth of Pennsylvania
v.
William Medina

ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 2 | 07/29/2020 | | Reichley, Douglas G. |
| Order Denying Motion to Dismiss with Prejudice pursuant to Rule 600 | | | |
| Lehigh County District Attorney's Office | | | |
| 07/29/2020 | E-Mail | | |
| Medina, William | | | |
| 07/29/2020 | Interoffice | | |
| Poll, Sean Thomas | | | |
| 07/29/2020 | E-Mail | | |
| 1 | 07/31/2020 | 07/27/2020 | Supreme Court of Pennsylvania - Middle District |
| Petition for Writ of Habeas Corpus - Supreme Court - 302 MT 2020 | | Dismissed due to denial of access to courts. | |
| 1 | 08/11/2020 | | Reichley, Douglas G. |
| Corrected Order to Show Judge Reichley | | | |
| Lehigh County District Attorney's Office | | | |
| 08/11/2020 | E-Mail | | |
| Poll, Sean Thomas | | | |
| 08/11/2020 | E-Mail | | |
| Reichley, Douglas G. | | | |
| 08/11/2020 | E-Mail | | |
| 2 | 08/11/2020 | | Mussel, David J. |
| Commonwealth's Motion for a Discovery Protective Order | | | |
| Lehigh County Court Administration | | Mussel, David J. | |
| 08/11/2020 | Personal | | |
| Medina, William | | Mussel, David J. | |
| 08/11/2020 | Regular | | |
| Reichley, Douglas G. | | Mussel, David J. | |
| 08/11/2020 | Personal | | |
| 3 | 08/11/2020 | 08/10/2020 | Goodge, Glenn Matthew |
| Entry of Appearance | | | |
| 1 | 08/17/2020 | | Reichley, Douglas G. |
| Discovery Protective Stipulation and Order | | | |
| Goodge, Glenn Matthew | | | |

Denied Exculpatory evidence to Review for defence of a fair trial.

CPCMS 9082 Printed: 02/03/2021

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# Supreme Court of Pennsylvania

Middle District

Amy Dreibelbis, Esq.
Deputy Prothonotary
Elizabeth E. Zisk
Chief Clerk

601 Commonwealth Avenue, Suite 4500
P.O. Box 62575
Harrisburg, PA 17106
(717) 787-6181
www.pacourts.us

July 27, 2020

To: Mr. William Medina

RE: Commonwealth of Pennsylvania, Respondent
v.
William Medina, Petitioner
Supreme Court Docket No: 302 MT 2020
Consolidated Cases:
Trial Court Name: Lehigh County Court of Common Pleas
Trial Court Docket No: CP-39-CR-0002239-2019

Dear Mr. Medina:

This will serve as a notice of receipt of the Petition for Writ of Habeas Corpus that you have sent to this office. This office has found your Petition for Writ of Habeas Corpus to be defective and require that the following correction(s) be made by August 17, 2020.

[X] COVER PAGE: Per Pa.R.A.P. 2172, this office requires a new cover page to add to your petition. The cover page should include contact information from the filing attorney or Pro Se filer. Please provide a copy of a new cover page to apply over the petition. The caption must reflect the underlying criminal matter.

[X] APPLICATION FOR LEAVE TO FILE ORIGINAL PROCESS: Following Pa.R.A.P. 3307, please provide this office with an original and one (1) copy of an Application for Leave to File Original Process.

[X] PAYMENT: Per Pa.R.A.P. 2701, please provide this office with one of the following:

~ A filing fee in the amount of $90.25, payable to the Supreme Court of PA,
{OR}
~ A copy of the trial court or appellate court order granting leave to proceed In Forma Pauperis together with a verified statement indicating that there has been no change in financial status (Pa.R.A.P. 551).
{OR}
~ An application for leave to proceed In Forma Pauperis (Pa. R.A.P. 553) and Verified In Forma Pauperis Statement (Pa. R.A.P. 561).

[X] PROOF OF SERVICE: Per Pa. R.A.P. 121, the Office of the Prothonotary requires that all opposing parties be served with your Petition for Writ of Habeas Corpus and Application for Leave to File Original Process. Please provide a proof of service to this office with a listing of all counsel/parties served, including their names, addresses, telephone number, and the party each attorney represents, together with method of service (personal or US Mail), date of service, and an original signature (Pa.R.A.P. 122). This should include service upon the District Attorney and Lehigh County Jail.

[X] PUBLIC ACCESS POLICY: Also, please certify that your document complies with the Public Access Policy of the Unified Judicial System by submitting a Certificate of

Cert of compliance

Compliance. (Sample enclosed).  A brief explanation of the policy as it applies to filings in the Supreme Court is enclosed.  Please note that a Redacted Copy is only necessary if your original document contains confidential information.  If it does not contain confidential information, you only have to certify that it complies with the policy.

If your pleading was filed electronically, you may file your amendments by resubmitting your entire pleading using the "Corrected PACFiling" entry in PACFile.

Your filing date has been preserved. Upon correction of your Petition for Writ of Habeas Corpus this matter will be transferred from this temporary docket to a permanent docket. Failure to correct your pleadings in the specified timeframe will be interpreted as abandonment of your appellate efforts and this docket will be marked closed (Pa.R.A.P. 3305).  Thank you for your attention in this matter.

Very truly yours,
Office of the Prothonotary

/bs
cc:  Lehigh County Prison
     James Bernard Martin, Esq.

To: Mike Salter                                    Exhibit (D)

DOC #4

**INMATE'S REQUEST TO STAFF**
*Pedida de encarcelado a empleado*

**LEHIGH COUNTY**
**DEPARTMENT OF CORRECTIONS**

TO (Name and Title of Officer) *PARA: (Nombre y Titulo)*: B. Foster / Treatment Mike Salter

DATE *(FECHA)*: 7/28/2020

BY: (Inmate Name and ID Number) *DE: (Nombre y Numero)*: W. Medina #73276

QUARTERS ASSIGNMENT: *LOCAL DENTRO DE LA CARCEL:* 2C #8

SUBJECT: State completely but briefly the problem on which you desire assistance. Give details.
*ASUNTO: Describa completamente pero brevemente el problema con que desea asistencia. Incluya detallas.*

Please FWD To: Mike Salter.

Supreme Court is asking for legal page

Per Pa. R.A.P. 2172 cover page

Application for leave 1 copy following Pa. R.A.P 3307

Copy of Court order of Pro-Se granting leave to proceed in Forma Pauperis Pa. R.A.P 551

An application for leave to proceed in forma Pauperis (Pa. R.A.P 553) and verified in forma Pauperis statement (PA. RA.P 561)

Proof of service: Per Pa. R.A.P. 121

Deadlines 8-15-2020

10-5-2020

Exhibit B
For Time Extendt
Cell 8
Denial of access to Courts. ?

DISPOSITION: (DO NOT WRITE IN THIS SPACE)
*DISPOSICION: (NO ESCRIBA EN ESTE ESPACIO)*

I do not have access to this Legal paper work Treatment Supervisor Doug Mette is on vacation but you can write to Treatment Supervisor Mike Salter may be able to pull this up

A search of requested forms yielded no results, just Rules under requested headings. We do not have any such forms inventoried. Therefore, you must obtain assistance via your attorney.

STAFF MEMBER *EMPLEADO DE LA CARCEL*: Doug Mette

DATE *FECHA*: 8-13-2020

Exhibit A

# INMATE FORMAL GRIEVANCE, PART I

STAFF USE ONLY
20-0272
GRIEVANCE #

**INMATE NAME:** William Medina **INMATE #:** 73276

**INSTRUCTIONS:**

1. **See Policy 3.5.1.J., Inmate Grievances. Follow this policy.**
2. **In Block A state your grievance. Attach any relevant documents.**
3. **In Block B list what you did to resolve this issue prior to submitting this Formal Grievance.**

**A. Provide a brief, clear statement of the facts, what your grievance is, and what relief you are seeking. Include specific dates, times and staff involved. You must not exceed this space and one additional one-sided 8.5 x 11 piece of paper.**

I've been writting to the administration in regards to copies, and legal preperation time since 3/24/2020 7-18-2020, Lexis Advance on our tablet have been down not working with technical difficulties for 2 wks. The computer on the block is only available for 30 min or less and Dunn mote has responded to request stating I have to write out what I needed for legal purposes which means no copies of legal work off computers except if your in RHU. However we only have one computer with limited time due to having courtesy for other Inmates and interuptions due to med call coming on the block and then having to lockup until Inmates get meds and between the hour of showering Phone calls and yard time being cut due to these interuptions we have no adequate amount of time needed to properly defend ourselves. I've been appointed to represent myself and need adequate amount of law library time to do legal research to prepare for a fair trial. The pendemic should have no merit on this

**Inmate signature/Date** William Medina 7-29-20

**B. List actions taken and staff you have contacted before submitting this grievance.**

wrote Dunn Mote, Spoke to LT. Ervin Sgt. mede Sgt. Gonzalez and the Deputy Warden, I am in dire need of having Adequate law library time with update cases law, The computer on block isn't updated and there's allways interuption, Please give us law library on tablets back. Ty.

**Your Grievance has been received.**

**Grievance Coordinator signature:** [signature] **Date:** 8/3/2020

**White copy-Grievance Coordinator** **Yellow copy-Action Return** **Pink copy-Acknowledgement** **Gold copy-Inmate**

Exhibit (C)

2C

# INMATE FORMAL GRIEVANCE, PART II

STAFF USE ONLY
[illegible]
GRIEVANCE #

INMATE NAME: William Medina INMATE #: 73276 DATE: 4/10/2020

C. Grievance is: ☐ Upheld ☑ Denied ☐ Rejected ☐ Other

D. Findings:
By Policy you have to take notes from the law library. The Jail does not have to provide you copies for your defense, just time and access which you have both. Your grievance is denied

Denial Of Access to the Courts

Investigating Staff signature: [signature] Date: [illegible]

Grievance Coordinator signature: Lt Donate Date: 4/10/2020

E. Appeal: If appealing above decision, use Pink copy and send it to Warden. Provide the reason why you are appealing the above decision. Include all facts. You cannot exceed the space below and one additional one-sided 8 1/2" x 11" piece of paper. See Policy 3.5.1.J., Inmate Grievances, for more information.

Inmate signature/Date

White copy-Grievance Coordinator Yellow copy-Findings to Inmate Pink copy-Inmate Appeal Gold copy-Inmate

DOC #4

**INMATE'S REQUEST TO STAFF**

*Pedida de encarcelado a empleado*

**LEHIGH COUNTY DEPARTMENT OF CORRECTIONS**

TO (Name and Title of Officer) *PARA: (Nombre y Titulo)*: Doug Mette

DATE *(FECHA)*: 3-24-2020

BY: (Inmate Name and ID Number) *DE: (Nombre y Numero)*: William Medina # 73276

QUARTERS ASSIGNMENT: *LOCAL DENTRO DE LA CARCEL:*

SUBJECT: State completely but briefly the problem on which you desire assistance. Give details.
*ASUNTO: Describa completamente pero brevemente el problema con que desea asistencia. Incluya detallas.*

I am in dire need to get case law copies for preperation of my trial in less than a Month to letigate between my attorney

I've been told in the past I've had to write out what I needed for legal purposes. However we only have one computer with limited time due to having courtesy for other Inmates and interuptions due to medication call we have to lock in to divide tiers to get meds which take away a substantial amount of time I need: Cochran v. U.S. 291 F.2d 633

9th circuit United State v. Gonzalez-Sandoval 894 F.2d 1043, 1050 (9th circuit 1990)

Commonwealth v. Walker 652 PA. 450 (2012)

Commonwealth v. Hicks 625 PA. 90 Nov 20, 2013

DISPOSITION: (DO NOT WRITE IN THIS SPACE)
*DISPOSICION: (NO ESCRIBA EN ESTE ESPACIO)*

General Population inmates are required to take notes as their copies or you may request those copies via your attorney.

STAFF MEMBER *EMPLEADO DE LA CARCEL*: Doug Mette

DATE *FECHA*: 3-5-2020

DOC #4

**INMATE'S REQUEST TO STAFF**
*Pedida de encarcelado a empleado*

**LEHIGH COUNTY**
**DEPARTMENT OF CORRECTIONS**

TO (Name and Title of Officer) / *PARA: (Nombre y Titulo)*: Doug Mette D.W.

DATE *(FECHA)*: 7/18/2020

BY: (Inmate Name and ID Number) / *DE: (Nombre y Numero)*: W. Medina # 73276

QUARTERS ASSIGNMENT: / *LOCAL DENTRO DE LA CARCEL:* # 8 2C

SUBJECT: State completely but briefly the problem on which you desire assistance. Give details.
*ASUNTO: Describa completamente pero brevemente el problema con que desea asistencia. Incluya detallas.*

I write on 3-24-2020 regarding to not being able to do any legal research, The computer has been down For months and now the app on the tablet isn't working

I've been appointed to represent myself and I need adequate amount of time to do legal research and properly represent myself. I am unable to any of the above due to the app on tablet being down

I deserve adequate time to prepare For a Fair trial.

Ty W.M.

DISPOSITION: (DO NOT WRITE IN THIS SPACE)
*DISPOSICION: (NO ESCRIBA EN ESTE ESPACIO)*

& No reports have ever been received regarding the law library Computer Cart being down for months.

& On 7-20-2020, I inspected the law library computer Cart. It is on and working. If any further assistance is required, you may have your housing unit officer call me.

STAFF MEMBER / *EMPLEADO DE LA CARCEL*: Doug Mette

DATE / *FECHA*: 7-20-20

NAME: William Medina
LEHIGH COUNTY JAIL
38 NORTH 4TH STREET
ALLENTOWN, PA 18102-3489

Micheal E. Kunz
Clerk of Courts
U.S. District Court
Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797