**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM MEDINA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  20-5734** |
| | : | |
| **ALLENTOWN POLICE** | : | |
| **DEPARTMENT** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                    **February 25, 2021**

Pretrial detainee William Medina is now trying a third time to plead the Allentown Police Department, its officers, and others involved in the criminal justice system in Lehigh County violated and are continuing to violate his constitutional rights relating to his arrest in March 2019 and COVID-19 delayed jury trial in state court. Congress requires we screen his complaints after granting him leave to proceed without paying the filing fees. We twice before dismissed his attempts at pleading non-frivolous claims. He today repeats many of the same frivolous claims. He also now goes so far as to allege the prison (who he does not sue) deprives him of access to courts because they would let him use the law library while in quarantine after he tested positive for COVID-19. But he sufficiently but barely pleads a claim for excessive force relating to his arrest which is not frivolous and may proceed.  We direct Mr. Medina to timely arrange service upon two Allentown Police Officers allegedly involved in his arrest under the accompanying Order.

## I.    Alleged pro se facts

Allentown Police Officers Eric Stauffer and Sal April sought to search a Super 8 Motel Room 233 rented to Samuel Rosado, the alias of a person named Carlos Perez, on March 12, 2019.[1]  The officers first sought consent to search Room 233 from Koby Rivera, Mr. Medina's

nephew, and Toni Gruver, a person whose connection to Mr. Medina remains unclear.[2]  The officers then sought consent from Mr. Medina by telling Mr. Medina he and his family would have to stay outside in the cold until the officers could obtain a warrant if he did not consent and threatening force.[3]  Mr. Medina, allegedly handcuffed and under the influence of Percocet, then "scribble[d] lines on consent form thus aggravating police to put his initials on consent form."[4] The officers then "force[d] him into the back of [the] police car kicking and abusing him until [he was] inside the police car."[5]

The police arrested Mr. Medina the same day for conduct possibly unrelated to the search of the hotel room.[6]  Both Officers Stauffer and April completed an Affidavit of Probable Cause. While Officer April reported he saw Mr. Medina near a stolen vehicle, Officer Stauffer reports he saw Mr. Medina fleeing a stolen vehicle.[7]  Mr. Medina disputes the truthfulness of Officer Stauffer's account.   Mr. Medina alleges he never "fled from" the stolen vehicle; he merely approached the stolen vehicle to get Percocet from his nephew, who was driving it.[8]  The officers also found brass knuckles on Mr. Medina's person, further justifying the arrest.[9]

Officers April and Stauffer arrested Mr. Medina's nephew Koby Rivera on the same day.[10]  Officer Eric Stauffer tackled Mr. Rivera onto the concrete, giving Mr. Rivera concrete burns on his face.[11]  Officer Stauffer also allegedly placed his knee on Mr. Rivera's neck until his girlfriend, Jaylsa Rivera, jumped on the officer's back.[12]  Two days later, Officer Stauffer questioned Mr. Rivera without a lawyer present and elicited a confession, which implicated Mr. Medina, using "promises, deception, and threats of [a ten-year sentence]."[13]

The Commonwealth presently holds Mr. Medina in custody at the Lehigh County Jail since his arrest.   Mr. Medina is not satisfied with his appointed Defense Attorney Poll's representation, alleging Defense Attorney Poll "lied on record under Oath."[14]  Mr. Medina has

taken an active role in his own defense and has also filed several cases in this Court.[15]   But the legal resources in the Lehigh County Jail do not live up to Mr. Medina's standards.   Mr. Medina complains the WiFi in the prison law library is inadequate, and unnamed prison officials prevented him from accessing the law library for twenty-one days when the Jail quarantined Mr. Medina after testing positive for COVID-19.[16]   He appears to allege these obstacles resulted in a court denying his petition for *habeas corpus* as untimely. [17]

The COVID-19 pandemic has impacted Mr. Medina in more ways than one.   In light of the pandemic, the Pennsylvania Supreme Court suspended Rule 600, the rule granting Pennsylvania defendants the right to a speedy trial, causing a delay in Mr. Medina's trial.[18]   Mr. Medina also alleges Lehigh County Prison maintained a practice of retaliating against prisoners who requested a COVID-19 test by "putting them in the hole or isolation."[19]   The Jail allegedly quarantined Mr. Medina after he tested positive for COVID-19 resulting in a loss of recreation time and a reduction in his shower allotment time.[20]

## II.   Analysis

Mr. Medina first sued the Allentown Police Department over four months ago.[21]   We granted Mr. Medina leave to proceed *in forma pauperis* with the caveat we would screen the merits of his allegations under 28 U.S.C. § 1915(e)(2)(B).[22]   We liberally interpreted his pro se Complaint as alleging three theories of civil rights liability against the Allentown Police Department: (1) police officers inflicted excessive force upon him and his nephew in violation of the Eighth Amendment; (2) police officers illegally searched a hotel room in violation of the Fourth Amendment; and (3) police officers coerced Mr. Medina's nephew into confessing to robberies and implicating his uncle in violation of the Fifth Amendment.[23]   We first explained Mr. Medina could not proceed on a civil rights claim against the Allentown Police Department

because it is not a person subject to civil rights liability.[24]  We further held, even if Mr. Medina had sued a "person," his claims would nevertheless fail on the merits.[25]  Specifically, we held: (1) Mr. Medina did not adequately plead officers used excessive force against him; (2) Mr. Medina did not have standing to bring an excessive force claim on his nephew's behalf; (3) Mr. Medina did not have standing to bring a Fifth Amendment claim on his nephew's behalf; and (4) we must abstain from hearing Mr. Medina's Fourth and Fifth Amendment claims under *Younger.* We dismissed Mr. Medina's Complaint without prejudice to him timely filing an amended Complaint naming a person and stating a cognizable claim.[26]

Mr. Medina then timely filed an amended Complaint against the Honorable Douglas G. Reichley, District Attorney David J. Mussel, Defense Attorney Sean Poll, and Allentown Police Officer Eric Stauffer.[27]  We construed Mr. Medina's amended Complaint as petitioning for *habeas corpus*,[28] and seeking damages for civil rights liability and intentional infliction of emotional distress.  We construed his civil rights claims as: (1) an Eighth Amendment claim against Judge Reichley for failing to reduce excessive bail; (2) a Fifth and Sixth Amendment claim against District Attorney Mussel for failing to diligently bring him to trial; (3) a Sixth Amendment claim against Defense Attorney Poll for rendering ineffective assistance; and (4) an indiscernible claim against Officer Stauffer.  We denied Mr. Medina's petition for *habeas corpus* because he failed to exhaust his remedies.  We dismissed his claim against Judge Reichley and District Attorney Mussel because both state actors are entitled to immunity for their alleged roles in a judicial and prosecutorial capacity.  We dismissed Mr. Medina's claims against his defense Attorney Poll because ineffective assistance is not actionable under Section 1983.  We dismissed Mr. Medina's claims against Officer Stauffer because Mr. Medina did not state a legally cognizable claim against Officer Stauffer.  We lastly dismissed the intentional infliction of

emotional distress claim because Mr. Medina did not allege outrageous conduct.  We granted him leave to file a second amended Complaint.

Mr. Medina now files his second amended Complaint pleading many of the frivolous from his two earlier Complaints. We must again screen this second amended Complaint as he proceeds *in forma pauperis* under section 1915.  While he refers to other state actors, he is now only suing the Allentown Police Department, Officer Stauffer, and Officer April. We construe his second amended Complaint as alleging these three named parties violated his civil rights through:  (1) excessive force upon him under the Eighth Amendment; (2) excessive force upon his nephew under the Eighth Amendment; (3) unlawfully searching the Super 8 Motel Room under the Fourth Amendment; (4) unlawful arrest under the Fourth Amendment; (5) coercing his nephew into confessing in under his nephew's Fifth Amendment rights; and (6) using a coerced confession against Mr. Medina under his Fifth Amendment rights.  Mr. Medina seeks:  (1) "dismissal of [state criminal] charges"; (2) "an injunction to allot all inmates law library tablets"; (3) punitive damages; and (4) "60,000 USD against Amanda Brenner Primcare Medical & Warden Kyle Russell for failing to properly prevent COVID-19."[29]

We again remind Mr. Medina he cannot sue the Allentown Police Department for direct liability as it is not a "person" subject to civil rights liability, and we dismiss all claims against it. We further dismiss all claims against Officer Stauffer and Officer April except Mr. Medina's claim the two Officers inflicted excessive force upon him under the Eighth Amendment.  We will proceed to service of the second amended Complaint against Officers Stauffer and April only on the Eighth Amendment excessive force claim.

Mr. Medina also complains about the conditions in the Lehigh County Jail, the lack of progress in his trial, and the actions of Defense Attorney Poll, Judge Reichley, and District

Attorney Mussells.  He demands damages from Warden Kyle Russell and Amanda Benner of "Primcare Medical."  But he does not sue them.

### A.     Mr. Medina may not proceed against the Allentown Police Department.

As we told Mr. Medina in our December 30, 2020 Order-Memorandum dismissing his complaint with leave to amend, he may not proceed on a civil rights claim against the Allentown Police Department.[30]  The police department is not a person subject to civil rights liability.[31]  We dismiss all claims against the Allentown Police Department with prejudice.

### B.     Mr. Medina may not bring claims for injuries inflicted on his nephew.

Mr. Medina once again argues Allentown police officers inflicted excessive force on his nephew, Koby Rivera, and coerced Mr. Rivera into confessing to a robbery.  As we explained in our December 30, 2020 Order-Memorandum, Mr. Medina does not have standing to assert a Fifth Amendment or Eighth Amendment claim on behalf of Mr. Rivera.[32]

### C.     We abstain from ruling on Mr. Medina's Fourth and Fifth Amendment claims under *Younger*.

We construe Mr. Medina's allegations regarding his nephew's confession as pleading a violation of his own due process rights.   But as we held in our December 30, 2020 Memorandum, "to the extent Mr. Medina argues the use of his nephew's allegedly coerced confession violates his own Fifth Amendment right to due process, we must abstain from hearing his claim under *Younger*."[33]  Under *Younger*, "abstention is appropriate where there are ongoing state proceedings that are:  (1) judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims." All three *Younger* requirements are met because Mr. Medina's "criminal trial [is] pending in state court . . . , the state has a long-recognized important interest in enforcing its own criminal laws," and Mr. Medina has the opportunity to challenge use of his nephew's confession in the state action.[34]  As

6

also we held in our December 30, 2020 Order-Memorandum, this reasoning applies with equal force to Mr. Medina's Fourth Amendment claims.

We stand by our earlier ruling, and we abstain from hearing Mr. Medina's Fourth and Fifth Amendment claims under *Younger*. We also reiterate to Mr. Medina, he will have difficulty asserting a claim for damages under section 1983 based on his Fourth and Fifth Amendment theories if the Commonwealth convicts him of the crimes charged because under *Heck v. Humphrey*, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[35]

### D.    Mr. Medina pleads excessive force against Officers Stauffer and April.

Mr. Medina pleads excessive force against him by Officers Stauffer and April.

Law enforcement officers violate the Fourth Amendment if they use excessive force during the course of an arrest or other "seizure".[36] "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."[37] "The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[38] "[T]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[39]

Mr. Medina alleges Officers Stauffer and April "force[d] him into the back of [a] police car kicking him and abusing him until in the police car."[40]  Construing these allegations as true and drawing all inferences in favor of Mr. Medina, Mr. Medina alleges an excessive force claim against Officers Stauffer and April.

E.      **Mr. Medina does not plead an access to the courts claim.**

Mr. Medina alleges unnamed officials at the Lehigh County Jail denied him access to the courts by offering sub-optimal WiFi and preventing him from accessing the prison library for twenty-one days after he tested positive for COVID-19.  He has not stated a claim.

Under the First and Fourteenth Amendments, incarcerated persons retain a right of access to the courts, and they may enforce this right through 42 U.S.C. Section 1983.[41] But to maintain an action under Section 1983, Mr. Medina must name a person subject to civil rights liability. Mr. Medina sues the Allentown Police Department, Officer Stauffer, and Officer April.  As discussed above, the Allentown Police Department is not a "person" under Section 1983, and Mr. Medina still does not allege facts allowing us to plausibly infer Officer Stauffer or Officer April have any impact whatsoever on his access to legal materials while incarcerated in the Lehigh County Jail.

Mr. Medina's claims would still fail even if he sued a responsible state actor.  Mr. Medina alleges the WiFi in the prison library is sub-par.  In *Hartmann v. O'Connor*, our Court of Appeals addressed a prisoner's access to the court claim involving restrictions on his Internet access.[42]  Affirming the dismissal of the prisoner's claims, our Court of Appeals noted, "[the plaintiff] has been the plaintiff to other civil rights cases and one habeas petitions, as well as several state-court challenges to his conviction . . . [t]hus, it appears that [the plaintiff] was able to bring his legal claims while incarcerated."[43]  The same is true of Mr. Medina.  Since March

2020, Mr. Medina has filed two civil complaints in this Court, both of which he amended multiple times, and he filed motions, written letters, and filed petitions for *habeas corpus* in the state court.  He often cites case law.  Like in *Hartmann*, it seems clear Mr. Medina has been "able to bring his legal claims while incarcerated."[44]

Mr. Medina also alleges some unplead actor denied him access to the Prison library for three weeks while in quarantine after testing positive for COVID-19.  The Supreme Court in *Lewis v. Casey* held the delays "lockdown prisoners" experience "in receiving legal materials or legal assistance" have no "constitutional significance" as long as "they are the product of prison regulations reasonably related to legitimate penological interests."[45]  Temporarily preventing prisoners infected with COVID-19 from accessing the law library is clearly "reasonably related to the legitimate penological interest" of preventing the spread of this highly infectious disease.

### F.    Mr. Medina does not sue a state actor who retaliated against him.

Mr. Medina alleges Lehigh County Prison maintained a policy of retaliating against prisoners who requested COVID-19 tests by placing them "in the hole."[46]

Although Mr. Medina focuses his allegation against the Lehigh County Prison, he does not sue the Prison.  But even if he did, "[a] county correctional facility is not a 'person' amendable to suit under section 1983."[47]  This claim fails because Mr. Medina does not sue a prison official or other person responsible for enacting or enforcing prison policy.

### G.    Mr. Medina cannot proceed against Judge Reichley, District Attorney Mussel, or Defense Attorney Sean Poll.

Mr. Medina does not include Judge Reichley, District Attorney Mussel or Defense Attorney Sean Poll in the caption of his second amended Complaint.   He does not identify them as defendants.  But he pro se alleges Judge Reichley and District Attorney Mussel denied him a fair trial and intentionally inflicted emotional distress upon him.  In support, he cites a denial of

bail, a protective order denying him access to discovery of "exculpatory evidence", and the suspension of his speedy trial rights. He also alleges Defense Attorney Sean Poll lied to Judge Reichley about his knowledge of Mr. Medina's Fourth Amendment defense. By failing to sue these individuals, Mr. Medina failed to state a claim against them under Rule 8.[48]

Even if he sued them, he could not proceed against them. We earlier told Mr. Medina Judge Reichley is entitled to judicial immunity, District Attorney Mussell is entitled to prosecutorial immunity, and ineffective assistance of counsel does not form a basis for civil rights liability.[49]

### H.     Mr. Medina does not state a claim against Amanda Brenner and Warden Kyle Russell.

Mr. Medina asks for damages against Amanda Brenner of Primcare Medical and Warden Kyle Russell for failing to prevent COVID-19. Mr. Medina does not sue Ms. Brenner or Warden Russell. He does not mention them anywhere else in his second amended Complaint. He fails to state a claim against them under  Rule 8.

## III.     Conclusion

We dismiss without prejudice all claims except Mr. Medina's Eighth Amendment claim against Officer Stauffer and Officer April.

---

[1] ECF Doc. No. 11 at 1-2.

[2] *Id.* at 1.

[3] *Id.*  at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3.

---

[7] *Id.* at 2-3, 4.

[8] *Id.* at 4.

[9] *Id.* at 1.

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 5.

[15] *See, e.g. Medina v. Hallman*, No. 20-cv-2326 (E.D. Pa.).

[16] ECF Doc. No. 11 at 8.

[17] *See id.* at 11 ("Mr. Medina thus also had moved to file for habeas corpus to Supreme Court, however due to being denied by state court, all the time allotted was barred due to not being able to access Courts in violation of the 8th Amend[ment].").

[18] *Id.* at 11.

[19] *Id.* at 6.

[20] *Id.*

[21] ECF Doc. No. 1.

[22] ECF Doc. No. 6.

[23] ECF Doc. No. 7.

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* at 1.

[27] ECF Doc. No. 8.

[28] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedy release, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[29] ECF Doc. No. 7 at 7.

[30] ECF Doc. No. 7 at 3.

[31] *Gayle v. Dorward*, 440 F. Supp. 3d 409, 413 (E.D. Pa. 2020); *Bishop v. Upper Darby Police Dep't*, No. 15-6069, 2018 WL 2359241, at *3 (E.D. Pa. May 24, 2018).

[32] *Id.* at 3.

[33] *Id.* at 3-4.

[34] *Id.*

[35] 512 U.S. 477, 486-87 (1994).

[36] *Marshall v. Keansburg Borough*, No. 13-533, 2013 WL 6095475, at *3 (D.N.J. Nov. 20, 2013)

[37] *Abraham v. Raso,* 183 F.3d 279, 288 (3d Cir.1999).

[38] *Graham v. Connor,* 490 U.S. 386, 397 (1989).

[39] *Estate of Smith v. Marasco,* 318 F.3d 497, 515 (3d Cir.2003) (quoting *Graham,* 490 U.S. at 396–97).

[40] ECF Doc. No. 11 at 2.

[41] *See Lewis v. Casey,* 518 U.S. 343, 346 (1996).

[42] 415 Fed. App'x 350, 352 (3d Cir. 2011).

[43] *Id.*

[44] *Id*.

[45] 518 U.S. 343, 361-62 (1996).

[46] ECF Doc. No. 11 at 6.

[47] *Schwenk v. Lopez*, No. 20-1807, 2020 WL 5632118, at *5 (E.D. Pa. Sept. 21, 2020).

[48] *Jordan v. New Jersey Dept. of Corrs.*, 881 F. Supp. 947, 954 (D.N.J. 1995) ("Plaintiff's complaint is defective, however, because plaintiff failed to name Officer Eckert as a defendant.")

[49] ECF Doc. No. 9 at 7-8; *see also  Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco,* 502 U.S. 9, 9 (1991)) (judicial immunity); *Brennan v. Pennsylvania,* No. 11-146, 2012 WL 399812, at *1 (W.D. Pa. Jan. 5, 2012) *adopted by* No. 11-146, 2012 WL 399808 (W.D. Pa. Feb. 7, 2012) (prosecutorial immunity); *Introcaso v. Meehan*, 338 Fed. App'x 139, 142 (3d Cir. 2009) (ineffective assistance does not form a basis for liability under Section 1983).